**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| LYDIA J. DAVIS, | ) | NO. ED CV 16-2328-E |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | ) ) ) | **AND ORDER OF REMAND** |
| Defendant. | ) | |

Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS HEREBY ORDERED that Plaintiff's and Defendant's motions for summary judgment are denied, and this matter is remanded for further administrative action consistent with this Opinion.

**PROCEEDINGS**

On November 8, 2016, Plaintiff filed a Complaint seeking review of the Commissioner's denial of disability benefits. On December 14, 2016, the parties consented to a Magistrate Judge. On March 21, 2017, Plaintiff filed a motion for summary judgment. On April 12, 2017,

Defendant filed a motion for summary judgment. The Court has taken the motions for summary judgment under submission without oral argument. See L.R. 7-15; "Order," filed November 22, 2016.

**BACKGROUND**

Plaintiff asserts disability based on a combination of alleged impairments (Administrative Record ("A.R.") 56-58, 183, 292-93). The Administrative Law Judge ("ALJ") found Plaintiff suffers from severe impairments which preclude the performance of Plaintiff's past relevant work and which reduce Plaintiff's residual functional capacity to the "capacity to perform sedentary work as defined in 20 C.F.R. 404.1567(a)" (A.R. 24, 26, 33).[1]

To determine whether there exist any jobs Plaintiff can perform, the ALJ consulted a vocational expert and used Rules 201.15 and 201.07 of the Grids as "the framework" for decision making (A.R. 34-35, 68-73). In response to a hypothetical question which assumed the residual functional capacity found by the ALJ, the vocational expert identified only one job, the sedentary job of "data entry," as a job a

---

[1] More specifically, the ALJ found Plaintiff "could lift and/or carry ten pounds occasionally, less than ten pounds frequently; she could sit for six hours out of an eight-hour workday; she could stand and/or walk for four hours out of an eight-hour workday for a maximum of thirty minutes at a time; she could occasionally do all postural activities; use of her hands for handling and fingering is limited to seven hours in an eight-hour workday; she is able to extend her neck up to two hours during the course of an eight-hour workday; she is able to rotate her neck up to three hours during an eight-hour workday; she is limited to occasional overhead work; and she may require the use of a self-purchased seat cushion" (A.R. 26).

person so limited could perform (A.R. 68-72). The vocational expert also opined that Plaintiff's skill in "inputting information from a numerical or alphabetical [sic] into a computer utilizing a keyboard" would transfer to the "data entry" job (A.R. 72-73). The ALJ did not ask the vocational expert whether any vocational adjustment would be required to transfer Plaintiff's skill from her past relevant work to the "data entry" job.

In denying disability, the ALJ concluded Plaintiff could perform the "data entry" job and Plaintiff's skill in "inputting information, numerical or letters, into the computer with use of a keyboard" would transfer thereto (A.R. 34). The ALJ did not make any finding regarding whether any vocational adjustment would be required. Plaintiff was 55 years old at the time of the ALJ's decision (A.R. 35, 183). The Appeals Council considered additional evidence, but denied review (A.R. 1-6).

**STANDARD OF REVIEW**

Under 42 U.S.C. section 405(g), this Court reviews the Administration's decision to determine if: (1) the Administration's findings are supported by substantial evidence; and (2) the Administration used correct legal standards. See Carmickle v. Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue, 499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v.

Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted); see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

> If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ. But the Commissioner's decision cannot be affirmed simply by isolating a specific quantum of supporting evidence. Rather, a court must consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [administrative] conclusion.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citations and quotations omitted).

Where, as here, the Appeals Council considered additional evidence but denied review, the additional evidence becomes part of the record for purposes of the Court's analysis. See Brewes v. Commissioner, 682 F.3d at 1163 ("[W]hen the Appeals Council considers new evidence in deciding whether to review a decision of the ALJ, that evidence becomes part of the administrative record, which the district court must consider when reviewing the Commissioner's final decision for substantial evidence"; expressly adopting Ramirez v. Shalala, 8 F.3d 1449, 1452 (9th Cir. 1993)); Taylor v. Commissioner, 659 F.3d 1228, 1231 (2011) (courts may consider evidence presented for the first time to the Appeals Council "to determine whether, in light of the record as a whole, the ALJ's decision was supported by substantial evidence and was free of legal error"); Penny v. Sullivan, 2 F.3d 953, 957 n.7 (9th Cir. 1993) ("the Appeals Council considered this

information and it became part of the record we are required to review as a whole"); see generally 20 C.F.R. §§ 404.970(b), 416.1470(b).

**DISCUSSION**

The ALJ erred by failing to address the vocational adjustment possibly required for the transferability of Plaintiff's skill. Remand is appropriate.

Where, as here, the claimant is 55 years of age or older, "[i]n order to find transferability of skills to skilled sedentary work . . . there must be very little, if any, vocational adjustment required in terms of tools, work processes, work settings, or the industry." 20 C.F.R. pt. 404, Subpt P, App. 2, § 200.00(f); accord 20 C.F.R. § 404.1568(d)(4). In the present case, the ALJ found skill transferability to sedentary work without inquiring of the vocational expert, and without making any finding, concerning the nature of any vocational adjustment possibly required. This was error. Renner v. Heckler, 786 F.2d 1421, 1424 (9th Cir. 1986) ("It is necessary to assure that the correct legal standard was applied. Thus, the ALJ must either make a finding of 'very little vocational adjustment' or otherwise acknowledge that a more stringent test is being applied which takes into consideration appellant's age"); Barajas v. Colvin, 2016 WL 4149959, at *7 (C.D. Cal. Aug. 3, 2016) ("Crucially, the ALJ's opinion gives no indication that he made any finding as to the level of vocational adjustment necessary for the application of the transferrable skills, nor can this be fairly inferred from the hearing testimony"); Foltz v. Colvin, 2015 WL 1509678, at *5 (D. Colo.

March 30, 2015) (where the vocational expert did not testify as to the degree of vocational adjustment required to move from one job to another, the expert's testimony was not substantial evidence that a 60 year old claimant possessed transferable skills); accord Castellucci v. Colvin, 2014 WL 4371424, at *22-23 (N.D. Cal. Sept. 3, 2014); Little v. Astrue, 2008 WL 253031, at *5 (D. Kan. Jan. 29, 2008); see also Daniels v. Astrue, 854 F. Supp. 2d 513, 527 (N.D. Ill. 2012) (remand required where ALJ failed to find expressly that the jobs proposed by the vocational expert would require very little vocational adjustment, even though the vocational expert had testified that the jobs would require very little vocational adjustment).

In attempted avoidance of the conclusion that the ALJ erred, Defendant points out that Plaintiff's residual functional capacity exceeded a sedentary work capacity in one respect: a standing/walking tolerance of four hours rather than two hours. Plaintiff's extra standing/walking tolerance does not materially alter the analysis. The ALJ regarded Plaintiff's residual functional capacity as "the residual functional capacity to perform sedentary work . . . ." (A.R. 26). The ALJ applied the grids for sedentary work as the framework for decision making. The job to which Plaintiff's skills supposedly would transfer is a sedentary job. Accordingly, the rules regarding sedentary capacity and sedentary jobs here apply. Cf. Strong v. Apfel, 122 F. Supp. 2d 1025, 1029-30 (S.D. Iowa 2000) (where ALJ found claimant had sedentary work capacity except for a lifting capacity that exceeded sedentary levels by five pounds, court held that the ALJ's findings were "more compatible with the lifting requirements of sedentary work" than light work).

Defendant also appears to suggest that Social Security Ruling ("SSR") 82-41 can supply the missing proof regarding vocational adjustment. SSR 82-41 provides that "where job skills have universal applicability across industry lines, e.g., clerical, professional, administrative, or managerial types of jobs, transferability of skills to industries differing from past work experience can usually be accomplished with very little, if any, vocational adjustment where jobs with similar skills can be identified as being within an individual's RFC." SSR 82-41 does not alter the result herein. The vocational expert did not testify, and the ALJ did not find, that Plaintiff's skill had "universal applicability across industry lines." Absent such testimony and such a finding, the applicability of SSR 82-41 to the present case remains uncertain. See Stewart v. Colvin, 2016 WL 8671487, at *4 (D. Colo. April 15, 2016) (rejecting a proposed application of SSR 82-41 where the ALJ made no finding regarding "universal applicability"). Moreover, even if SSR 82-41 were applied, the ruling would establish only that the transferability of skills "usually" may be accomplished with very little, if any vocational adjustment. "'Usually' does not mean 'always.'" Harrington v. Astrue, 2008 WL 819035, at *5 (M.D.N.C. March 21, 2008). What is "usually" the fact may or may not be the fact in the present circumstance.

The Court is unable to deem the error in the present case to have been harmless. See Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012) (an error "is harmless where it is inconsequential to the ultimate non-disability determination") (citations and quotations omitted); McLeod v. Astrue, 640 F.3d 881, 887 (9th Cir. 2011) (error

not harmless where "the reviewing court can determine from the 'circumstances of the case' that further administrative review is needed to determine whether there was prejudice from the error"); see also Wolfe v. Berryhill, 2017 WL 1074932, at *2 ("The ALJ failed to make required findings concerning the transferability of Plaintiff's job skills, precluding a finding of harmless error"). Where, as here, a claimant cannot perform her past relevant work, the burden shifts to the Administration to show that the claimant is able to perform other work. See Stone v. Heckler, 761 F.2d 530, 532 (9th Cir. 1985). The evidence in the present record fails to carry this burden. See Castellucci v. Colvin, 2014 WL 4371424, at *23 ("The Commissioner's harmless error argument is unpersuasive because the ALJ's failure to inquire about vocational adjustments is material to the disability (or nondisability) determination"); Little v. Astrue, 2008 WL 253031, at *5 ("Remand is necessary for the Commissioner to consider and explain whether moving from plaintiff's past relevant work to the representative occupations identified by the ALJ would require very little, if any, vocational adjustment in terms of tools, work processes, work settings, or the industry. Such an inquiry will require the services of a vocational expert, for neither this court nor the Commissioner and his ALJs have the vocational expertise to make such a determination without reliance upon vocational evidence").

The circumstances of this case suggest that further administrative review could remedy the ALJ's error. Therefore, remand is appropriate. See McLeod v. Astrue, 640 F.3d at 888; see also INS v. Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative determination, the proper course is remand for additional agency

investigation or explanation, except in rare circumstances); Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2016) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits"); Treichler v. Commissioner, 775 F.3d 1090, 1101 n.5 (9th Cir. 2014) (remand for further administrative proceedings is the proper remedy "in all but the rarest cases").

**CONCLUSION**

For all of the foregoing reasons,[2] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: April 19, 2017.

/s/
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.

9